IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Salih Hall, Kenneth Smith, and Lloyd Dixon III, | ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) | C.A. No. 07-CV- 00392 |
| | ) | |
| Governor Ruth Ann Minner, et. Al., | ) ) | |
| Defendants. | ) | |

FILED SEP 24 2007 SUE L. ROBINSON U.S. DISTRICT JUDGE

Re scanned

## MOTION FOR TEMPORARY RELIEF

NOW COMES the Plaintiffs, and moves this Honorable court for temporary relief, in the modified form of a preliminary injunction and temporary restraining order, pursuant to Rule 7(b), and Rule 65 of the Federal Rules of Civil Procedure. Plaintiffs will submit the following in support of this request:

1. Plaintiffs have filed this action under the American's with Disabilities Act claiming that they have been deprived of treatment for chemical dependency, (1) first on the basis of discrimination by the Delaware criminal justice system in affording the disease of chemical dependency its' legal proper legal status based on advances in medical knowledge of the disease, and its recognition as a brain disease in the Diagnostic Statistical Manual and evolving standards of decency, requiring a finding that denial of treatment is deliberate indifference to serious mental health needs, and (2) that plaintiffs have been denied treatment for their disease on the basis of racial bias and profiling.

2. Plaintiffs now present the factual claim that chemical dependency is a bone fide disease of the brain, that is socially generated through peer pressure and the

influence of sub-cultural norms that have gain dominance in American society, particularly among the nations youth, and further that there exists significant evidence that the focus of this disease in the Black community and urban centers of the country is due to governmental policy. It is argued that there exists evidence that the influx of drugs in the Black communities in the mid 1960's into the 1970's, particularly heroin, was assisted by the Intelligence Agencies of the United States Government in furtherance of both domestic and foreign policy objectives. The American Black renaissance in political and economic consciousness, and resulting social movement was creating organized anti-governmental groups through the country. These groups, their philosophies and growing popular influence in the Black became classified matters of national security by the American government and intelligence agencies. While simultaneously struggles against colonialism in Africa, and the rise of communism in Central and South America, quickly became the focus of American foreign policy. As a means to effectively address both the domestic Black American problem, and foreign policy issues arising in the then political and economic environment, intelligence agencies like the Central Intelligence Agency and the State Department cooped the illegal drug trade, granting drug Lords access to funnel heroin in the Black urban centers producing a drug epidemic throughout America, while raising funds to support covert operations internationally. The political activism, consciousness and awakening of the American Black community in the 1960's gave way to the beginnings of the drug subculture that has devastated a generation, and traumatized the next.

3. In the late 1980's, and early 1990's the use of illegal drugs as a chemical/ biological agent in the Black communities went into another phase when the Central Intelligence Agency introduced crack cocaine in Los Angeles, California through the infamous drug King Pin Freeway Ricky, unlashing another wave of chemical dependency and drug usage in the Black community.

4. Although much of this is presented as background to indicate the root of chemical dependency currently plaguing the plaintiffs and their communities in particular, and America in general, it si realized that the larger issue of governmental action herein alleged is beyond the scope and the will of this court in this action, and will be raised by separate complaint in the World Court. However, based on the claim of government use of drugs as a chemical agent against Blacks, and as a source of funding for international covert operations, plaintiffs assert that their disease can be linked to this history and therefore raises the issue of whether their disease is in fact a victimization of governmental domestic policy, and the unlawful, immoral conduct of covert activity. These facts are certainly relevant when the issue of treatment for the disease and punishment for crime derivative of the disease is at issue. Also, is the relatively young age of the Plaintiffs when first infected by chemical dependency. Plaintiff Hall has a well documented history of addiction from age 13. Plaintiff Smith began his bought with the disease at age 12, and plaintiff Dixon at age 15.

5. Plaintiffs argue that in light of advances in knowledge regarding the disease of chemical dependency, that they are entitled to treatment for their disease, and some consideration that treatment should have been an initial criminal justice

response to their criminal behavior since chemical dependency is known to be the root cause of their charged criminal conduct, and because an abundance of research data leave no doubt that addiction and crime are interwoven. Consequently, because of the elevation of chemical dependency as a neuro-chemical disease of the brain, plaintiffs assert that they have a constitutional right to treatment which has been withheld from them on the basis of discrimination against the disease itself, and discrimination against them being afforded state provided treatment by the criminal justice system in response to their offense on the basis of racial bias and profiling, now entitling them to relief through immediate provision of professional treatment opportunity an review of their declaration as habitual offenders based on untreated disease influence convictions.

6. Plaintiffs argue that the withholding of treatment for their disease when their individual records indicate that their disease was the root cause of their criminal conduct amounts to deliberate indifference to seriously needed treatment, and that the denial of treatment as a criminal justice response to their addiction motivated criminal offenses only allowed the natural and known progression of their disease to occur, almost guaranteeing their recidivism.

7. In light of factual findings and scientific advances in the filed of chemical dependency, and the constitutional policy of evolving standards of decency, the deliberate indifference to plaintiffs serious need for drug treatment naturally resulted in the plaintiffs criminal history relied upon to declare them habitual offenders, and this result plaintiffs assert violate their Eighth Amendment Rights under the deliberate indifference objective standard. At the very least plaintiffs

are entitled to a treatment opportunity following each of their prior convictions before they may be declared incorrigible under the state statute. Thus, the declaration of habitual status is itself a violation of the Eighth Amendment because of the denial of adequate treatment opportunity.

8. Plaintiffs assert they are entitled to treatment and present the establishment of treatment modality specific to their needs, and other hardcore addicts, in the form of innovative program to be developed in one of the facilities of the Department of Corrections as a means to redress their violated constitutional right to treatment for their disease. The attached thesis is presented as the scientific basis of the proposed program and is incorporated herein by reference. Alternatively, however, plaintiffs assert that they have the right to effective and professional treatment in some other program like the Gateway Program in Delaware City, Delaware.

9. Pursuant to Rule 65 of the Federal Rules of Civil Procedure plaintiffs have served a copy of this motion and its attachment on the defendants, through the Delaware Attorney General, and move this curt for an evidentiary hearing to determine their rights to be afforded treatment proposed pursuant to Rule 65.

**WHEREFORE**, Plaintiffs seeks relief as requested herein.

Dated:

_____
Salih Hall

_____
Kenneth Smith

_____
Lloyd Dixon III

Delaware Correctional Center
1181 Paddock Road
Smyrna, De 19977

