IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Salih Hall, Kenneth Smith and Lloyd Dixon III,<br>    Plaintiffs,<br><br>Vs.<br><br>Governor Ruth Ann Minner, et. al.,<br>    Defendants. | )<br>)<br>)<br>)<br>) C.A. No. 07-CV-00392<br>)<br>)<br>)<br>) |

### <u>DECLARATION IN SUPPORT OF PLAINTIFFS MOTION FOR TEMPORARY RELIEF</u>

Salih aka Salih Hall, declares under penalty of perjury:

1. I am a plaintiff in this case. I make this declaration in support of my motion for a temporary restraining order and a preliminary injunction, styled a motion for temporary relief, to ensure that I receive necessary treatment for my neuro-chemical disease of chemical dependency.

2. As set froth in the complaint I have been declared a habitual criminal pursuant to the State of Delaware's criminal statute, 11 <u>Del. C.</u>, subsection 4214, for criminal offenses and past convictions that were the direct result of my disease of chemical dependency, when I was the subject of systemic racial discrimination in receiving state provided treatment as an initial criminal justice response to my offenses when it was known that my criminal conduct was committed to support my addiction, a symptom of my disease.

3. With professional treatment scientific statistical data indicates that I could have likely entered a life of recovery and lived a crime free life, and thus avoided my



FILED
SEP 24 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

current dilemma of having been declared a habitual criminal on the basis of crime committed as a direct result of a known brain disease.

4. I have pursued this action believing that the state's failure or deprivation of state provided treatment, particularly on the basis of race, amounts to deliberate indifference to serious treatment needs that could have placed my disease into remission, and consequently, I am now enduring significant and irreparable harm entitling me to relief as a matter of law and fact.

5. Plaintiff's criminal history is the result of his disease, going back to juvenile arrest. Plaintiff's disease was presented to each court on the record in seeking treatment. At the time of plaintiff's first conviction that resulting in a jail sentence was February, 1979, at which plaintiff presented his addiction to the intravenous use of cocaine at the time to the honorable Robert C. O'Hara. The prosecuting attorney argued in ignorance of the disease that cocaine was not addictive. Based on that argument and a finding that cocaine is not addictive, the plaintiff was denied treatment and sentenced to a 10 year prison term. This is a matter of court record. Following this first denial of treatment on an erroneous basis, plaintiff's addiction progressed and he continued to use once released from prison and picked up subsequent offenses. Addiction and a request for treatment became an issue in each case, were rejected and plaintiff sentenced to prison time. Plaintiff finally obtained prison based treatment for 1993 through 1997, upon release enjoyed an unprecedented period of recovery and progress which ended in his current conviction which was the documented result of side effects of prescribed medication, which was well documented in the pre-sentence report,

complete with psychiatric report indicating that his relapse back into active addiction and subsequent criminal offenses were the result of side effects of a combination of narcotic pain medication and interferon, and that had it not been for the neuro-psychiatric side effects of the medication plaintiff would not have committed the offenses.

6. For the foregoing reasons, the court should grant the plaintiff's motion in all respects.

Pursuant to 28 USCA, Section 1746, I declare under penalty of perjury that the foregoing is true and correct, this  19th  day of  September , 2007.

Salih aka Salih Hall
SBI # 104141
Delaware Correctional Center
1181 Paddock Road
Smyrna, De 19977