IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Salih Hall, Kenneth Smith and <br> Lloyd Dixon III, <br> Plaintiffs, <br><br> Vs. <br><br> Governor Ruth Ann Minner, <br> et. al., <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 07-CV-00392 <br> ) <br> ) <br> ) <br> ) |

### DECLARATION IN SUPPORT OF PLAINTIFFS MOTION FOR TEMPORARY RELIEF

Kenneth Smith, declares under penalty of perjury:

1. I am a plaintiff in this case. I make this declaration in support of my motion for a temporary restraining order and a preliminary injunction, styled a motion for temporary relief, to ensure that I receive necessary treatment for my neuro-chemical disease of chemical dependency.

2. As set froth in the complaint I have been declared a habitual criminal pursuant to the State of Delaware's criminal statute, 11 Del. C., subsection 4214, for criminal offenses and past convictions that were the direct result of my disease of chemical dependency, when I was the subject of systemic racial discrimination in receiving state provided treatment as an initial criminal justice response to my offenses when it was known that my criminal conduct was committed to support my addiction, a symptom of my disease.

3. With professional treatment scientific statistical data indicates that I could have likely entered a life of recovery and lived a crime free life, and thus avoided my



current dilemma of having been declared a habitual criminal on the basis of crime committed as a direct result of a known brain disease.

4. I have pursued this action believing that the state's failure or deprivation of state provided treatment, particularly on the basis of race, amounts to deliberate indifference to serious treatment needs that could have placed my disease into remission, and consequently, I am now enduring significant and irreparable harm entitling me to relief as a matter of law and fact.

5. Plaintiff's addiction began before he even became a teenager. All of his criminal offenses were the direct cause of his chemical dependency, however, he never received treatment for his disease even though he continued to seek help from the courts. In 1996 the Plaintiff was accepted by the then Passage Way Program while he was incarcerated at Gander Hill Prison and participating in the Pre-Release Class. On the day plaintiff was scheduled to be transferred to the Passage Way Program he was informed that he could not go because of an outstanding warrant. Plaintiff pleaded the some look into the matter because the alleged warrant could not have been against him because it was for a incident that occurred while he was already incarcerated. However, he was ignored and another inmate on the waiting list for transfer to the program was given his bed. Once plaintiff was taken to court for the warrant it was learned that he was not the Kenneth Smith on the warrant. Instead of every going to Passage Way, plaintiff was transferred to the Plummer Work release Center. Once released to probation, an just before arrest on the offenses for which he is now incarcerated, plaintiff went to his probation officer and reported that he had relapsed and was using

again. Plaintiff's probation officer promised to arrange for his treatment at a level 4 drug program around December 19, 1997. However, plaintiff's placement in a treatment program again never materialized. When plaintiff was arrested for his current offenses, his substance abuse and treatment were suppressed and disregarded by both the prosecution and the court, and he was proceeding against as incorrigible when he sought treatment but was never provided it.

6. For the foregoing reasons, the court should grant the plaintiff's motion in all respects.

Pursuant to 28 USCA, Section 1746, I declare under penalty of perjury that the foregoing is true and correct, this ___25___ day of ___Sept___, 2007.

_____
Kenneth Smith
SBI #
Delaware Correctional Center
1181 Paddock Road
Smyrna, De 19977