IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Salih Hall, Kenneth Smith and Lloyd Dixon III,<br>    Plaintiffs,<br><br>Vs.<br><br>Governor Ruth Ann Minner, et. al.,<br>    Defendants. | )<br>)<br>)<br>)<br>) C.A. No. 07-CV-00392<br>)<br>)<br>)<br>) |

### DECLARATION IN SUPPORT OF PLAINTIFFS MOTION FOR TEMPORARY RELIEF

Lloyd Dixon III, declares under penalty of perjury:

1. I am a plaintiff in this case. I make this declaration in support of my motion for a temporary restraining order and a preliminary injunction, styled a motion for temporary relief, to ensure that I receive necessary treatment for my neuro-chemical disease of chemical dependency.

2. As set froth in the complaint I have been declared a habitual criminal pursuant to the State of Delaware's criminal statute, 11 Del. C., subsection 4214, for criminal offenses and past convictions that were the direct result of my disease of chemical dependency, when I was the subject of systemic racial discrimination in receiving state provided treatment as an initial criminal justice response to my offenses when it was known that my criminal conduct was committed to support my addiction, a symptom of my disease.

3. With professional treatment scientific statistical data indicates that I could have likely entered a life of recovery and lived a crime free life, and thus avoided my



current dilemma of having been declared a habitual criminal on the basis of crime committed as a direct result of a known brain disease.

4. I have pursued this action believing that the state's failure or deprivation of state provided treatment, particularly on the basis of race, amounts to deliberate indifference to serious treatment needs that could have placed my disease into remission, and consequently, I am now enduring significant and irreparable harm entitling me to relief as a matter of law and fact.

5. Plaintiff Dixon began his addiction to drugs very early, having acknowledged chemical dependency in the Juvenile courts as well as through out his adult experience with the system. Although he has sought treatment plaintiff has consistently be denied the opportunity through the criminal justice system, even though it has been well documented that his criminal offenses have all been to support an addiction. Plaintiff was finally offered a treatment opportunity through the correctional system in 2003. However, the Superior Court denied the proposal made by the Department of Corrections and the Parole Board. See the attached order of the Superior Court, dated, November 17, 2004, selected pages of the sentencing transcript where plaintiff's addiction was presented as mitigating circumstances, and portions of superior Court criminal dockets attached hereto and incorporated herein by reference.

6. For the foregoing reasons, the court should grant the plaintiff's motion in all respects.

Pursuant to 28 <u>USCA</u>, Section 1746, I declare under penalty of perjury that the foregoing is true and correct, this_____day of_____, 2007.

*[signature]*
Lloyd Dixon III
SBI # 122634
Delaware Correctional Center
1181 Paddock Road
Smyrna, De 19977

SUPERIOR COURT
OF THE
STATE OF DELAWARE

RICHARD R. COOCH
*Resident Judge*

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0664

Mr. Dwight F. Holden
Chairperson
State of Delaware
Board of Parole
Carvel State Office Building - Fifth Floor
820 North French Street
Wilmington, Delaware 19801

Submitted: November 5, 2004
Decided: November 17, 2004

**Re: State of Delaware v. Lloyd Dixon**
**I.D. No. 9403012103**

Dear Mr. Holden:

    I have reviewed the October 29, 2004 recommendation of the Board of Parole, made pursuant to 11 *Del. C.* §4217, that this Court reduce Lloyd Dixon's present life sentence to a time served sentence, conditioned upon Defendant's participation for two years in the Delancey Street project. The State opposes the proposed sentence modification.

    The Court respects the work of the Board of Parole and its recommendation in this case, but the Court believes that the Defendant's criminal record is so extensive and repetitive that sentence reduction at this time is not warranted. He was sentenced as an Habitual Offender. This Court does not find that "good cause" exists for the recommended sentence reduction pursuant to 11 *Del. C.* §4217.

    **IT IS SO ORDERED.**

Very truly yours,

*[signature]*

RRC/mtc
cc: Diane C. Walsh, Esquire, Deputy Attorney General
    Lloyd Dixon
    Prothonotary
    Investigative Services

1       I might note for the record of this proceeding
2  that prior to the trial in this case, I did discuss with
3  Mr. Wood the possibility of resolving this case through a
4  plea disposition of some sort, with an habitual offender
5  sentencing under Subsection A of the habitual offender
6  statute, where there would not have been a mandatory life
7  term involved; and Mr. Wood was not agreeable to doing
8  that.
9       And perhaps he could confirm for the record that
10 we did have those discussions. And that was an effort on
11 the part of the Defense to avoid what is now happening
12 regarding the sentencing under Subsection B.
13      THE COURT: I don't think it's necessary for
14 Mr. Wood to get into that, if he chooses not to, but I'll
15 leave that to the State.
16      MR. WOOD: Your Honor, I have no objection. I can
17 say that Miss Perillo was typically persistent in
18 attempting to convince me to offer a plea in the matter,
19 and I did not do so because I did not believe that one was
20 warranted.
21      THE COURT: Thank you.
22      Please continue.
23      MS. PERILLO: There are -- I just kind of wanted

12

1   to mention that so it's a matter of record if there's any
2   contention down the road that a disposition other than the
3   one occurring today was not sought by the Defense or by
4   Defense counsel.
5           Although the defendant does have a substantial
6   record or a serious record, he also has a number of good
7   qualities.
8           For example, he was described by his employer
9   while he was on work release out of the Georgetown
10  correctional facility as being a good employee who had
11  never received a write-up during the period of time that he
12  worked there. And I think he generally has been a good
13  employee when he has been working.
14          He does have a substance abuse problem, which
15  almost certainly contributed to the commission of these
16  offenses. And that's not an uncommon factor, of course, in
17  cases of this nature.
18          He is very remorseful about what happened here.
19  He expressed that remorse in his comments to the
20  Presentence Officer. He knows that he was wrong in
21  entering the apartment. He simply contends that he did not
22  have the intent that the jury found him to possess.
23          Regarding the imposition of the sentence here,

|    |    |    |    |
|----|----|----|----|
|    | (E)(IV), THE TRANSCRIPT MUST BE FILED WITH THE PROTHONOTARY NO LATER THAN 121294 | DF |    |
| 17 | 11/23/1994 |    | COOCH RICHARD R. |
|    | TRANSCRIPT OF TRIAL AUGUST 1, 1994 | DF |    |
| 18 | 11/23/1994 |    | COOCH RICHARD R. |
|    | TRANSCRIPT OF TRIAL AUGUST 2, 1994 | DF |    |
| 19 | 11/23/1994 |    | COOCH RICHARD R. |
|    | TRANSCRIPT OF TRIAL AUGUST 3, 1994 | DF |    |
| 20 | 11/23/1994 |    | COOCH RICHARD R. |
|    | TRANSCRIPT OF TRIAL AUGUST 4, 1994 | DF |    |
| 21 | 12/13/1994 |    | BIFFERATO VINCENT A. |
|    | TRANSCRIPT OF JURY SELECTION 080194 | DF |    |
| 22 | 12/19/1994 |    |    |
|    | LETTER (SUPREME COURT) TO PROTHONOTARY PURSUANT TO SUPREME COURT RULE 9 (B)(I), THE RECORD W/TRANSCRIPT MUST BE FILED WITH THIS OFFICE NO LATER THAN 122394. | DF |    |
| 23 | 12/23/1994 |    |    |
|    | RECORDS SENT TO SUPREME COURT | DF |    |
| 24 | 12/28/1994 |    |    |
|    | RECEIPT RECORDS ACKNOWLEDGED BY SUPREME COURT | DF |    |
| 25 | 04/23/1996 |    |    |
|    | MANDATE FILED FROM SUPREME COURT. IT IS ORDERED AND ADJUDGED THAT THE ORDER OR JUDGMENT BE AND IT IS HEREBY AFFIRMED IN PART, REVERSEIN PART AND REMANDED. |    |    |
| 26 | 06/11/1996 |    | COOCH RICHARD R. |
|    | ORDER: NOW THIS 7TH DAY OF OCTOBER, 1994, AS TO CR.A. NO. IN94031590, IT IS THE ORDER OF THE COURT THAT: THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE CHARGED. EFFECTIVE OCTOBER 7, 1994, THE DEFENDANT IS PLACED IN THE DEPARTMENT OF CORRECTION AT SUPERVISION LEVEL 5, FOR LIFE, NOT SUBJECT TO SUSPENSION BY THE COURT AND SHALL BE SERVED IN ITS ENTIRETY AT A FULL CUSTODIAL LEVEL 5 INSTITUTIONAL SETTING WITHOUT BENEFIT OF PROBATION OR PAROLE, PURSUANT TO 11 DEL.C. 4214 (B) INCLUDING CREDIT FOR 100 DAYS PREVIOUSLY SERVED. AS TO CR.A. NO. IN94030629 IT IS THE ORDER OF THE COURT THAT: THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE CHARGED. THE DEFENDANT IS TO BE PLACED IN THE DEPARTMENT OF CORRECTIONS AT SUPERVISION LEVEL 5 FOR A PERIOD OF 10 YEARS. 2 YEARS OF THIS SENTENCE IS A MANDATORY TERM OF INCARCERATION PURSUANT TO 11 DEL. C. 832. THIS SENTENCE IS TO BE FOLLOWED BY 8 YEARS AT SUPERVISION LEVEL 2. THIS SENTENCE IS TO BE SERVED CONSECUTIVELY TO THE INCARCERATIVE PORTION OF THE SENTENCE IMPOSED IN CR.A. NO. IN94-03-1590. AS TO CR.A. NO. IN94-03-0628 IT IS THE ORDER OF THE COURT THAT: THE DEFENDANT IS ADJUDGED GUILTY OF OFFENSE CHARGED. THE DEFENDANT IS TO BE PLACED IN THE CUSTODY OF THE DEPARTMENT OF CORRECTIONS AT SUPERVISION LEVEL 5 FOR A PERIOD OF 4 YEARS. THIS SENTENCE IS SUSPENDED AFTER 2 YEARS FOR 2 YEARS AT SUPERVISION LEVEL 3. AFTER SERVING 6 MONTHS, THIS SENTENCE IS TO BE SUSPENDED FOR 18 MONTHS AT SUPERVISION LEVEL 2. THIS SENTENCE IS TO BE SERVED CONSECUTIVELY TO THE INCARCERATIVE PORTION OF THE SENTENCE |    |    |

SUPERIOR COURT CRIMINAL DOCKET                          Page
( as of  07/26/2000 )

State of Delaware v.  LLOYD DIXON                          DOB: 05/29/195.
State's Atty: STEVEN P WOOD , Esq.         AKA:
Defense Atty: NANCY J PERILLO , Esq.

|  No. | Event Date | Event | Judge |
|---|---|---|---|
|  |  | ITS ENTIRETY AT A FULL CUSTODIAL LEVEL 5 INSTITUTIONAL SETTING WITHOUT BENEFIT OF PROBATION OR PAROLE, PURSUANT TO 11 DEL.C. 4214 (B) INCLUDING CREDIT FOR 100 DAYS PREVIOUSLY SERVED. AS TO CR.A. NO. IN94030629 IT IS THE ORDER OF THE COURT THAT: THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE CHARGED. THE DEFENDANT IS TO BE PLACED IN THE DEPARTMENT OF CORRECTIONS AT SUPERVISION LEVEL 5 FOR A PERIOD OF 10 YEARS. 2 YEARS OF THIS SENTENCE IS A MANDATORY TERM OF INCARCERATION PURSUANT TO 11 DEL. C. 832. THIS SENTENCE IS TO BE FOLLOWED  BY 8 YEARS AT SUPERVISION LEVEL 2. THIS SENTENCE IS TO BE SERVED CONSECUTIVELY TO THE INCARCERATIVE PORTION OF THE SENTENCE IMPOSED IN CR.A. NO. IN94-03-1590. AS TO CR.A. NO. IN94-03-0628 IT IS THE ORDER OF THE COURT THAT: THE DEFENDANT IS ADJUDGED GUILTY OF OFFENSE CHARGED. THE DEFENDANT IS TO BE PLACED IN THE CUSTODY OF THE DEPARTMENT OF CORRECTIONS AT SUPERVISION LEVEL 5 FOR A PERIOD OF 4 YEARS. THIS SENTENCE IS SUSPENDED AFTER 2 YEARS FOR 2 YEARS AT SUPERVISION LEVEL 3. AFTER SERVING 6 MONTHS, THIS SENTENCE IS TO BE SUSPENDED FOR 18 MONTHS AT SUPERVISION LEVEL 2. THIS SENTENCE IS TO BE SERVED CONSECUTIVELY TO THE INCARCERATIVE PORTION OF THE SENTENCE IMPOSED IN CR.A. NO. IN94-03-0629. AS TO ALL CHARGES THE FOLLOWING SPECIAL CONDITIONS OF SUPERVISION SHALL APPLY: THE DEFENDANT SHALL: BE EVALUATED FOR SUBSTANCE ABUSE AND FOLLOW ANY DIRECTIONS FOR COUNSELLING, TESTING OR TREATMENT. |  |
| 27 | 06/12/1996 | LETTER/ORDER SENT BY JUDGE: TO COUNSEL: STEVEN P. WOOD, ESQ. AND NANCY J. PERILLO, ESQ. | COOCH RICHARD R. |
| 28 | 06/26/1996 | ORDER: NOW, TO WIT, THIS 26TH DAY OF JUNE, 1996, IT APPEARING TO THE COURT THAT: 1) DEFENDANT LLOYD DIXON WAS CONVICTED AFTER A JURY TRIAL OF B URGLARY FIRST DEGREE (CR.A.NO. IN94-03-1590) AND TWO COUNTS OF ROBBERY FIRST DEGREE (CR.A.NOS IN94-03-0629 AND 0628). 2) DEFENDANT WAS SENTENCED AS AN HABITUAL OFFENDER TO LIFE IMPRISONMENT W/OUT PAROLE ON THE BURGLARY FIRST DEGREE CHARGE. DEFENDANT WAS SLSO SENTENCED TO TWELVE YEARS ON THE ROBERRY FIRST DEGREE CHARGES. THE CONVICTION WERE APPEALED TO THE SUPREME COURT OF DELAWARE (DIXON V STATE, NO.426,1994) 3) THE SUPREME COURT AFFIRMED THE BURGLARY FIRST CONVICTION AND REVERSED THE ROBBERY FIRST DEGREE CONVICTIONS BY ORDER DATED APRIL 4, 1996, AND REMANDED THE MATTER FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. 4) THEREFORE, WITHOUT OBJECTION FROM THE STATE OR | COOCH RICHARD R. |

```
         IMPOSED IN CR.A. NO. IN94-03-0629. AS TO ALL CHARGES THE FOLLOWING
         SPECIAL CONDITIONS OF SUPERVISION SHALL APPLY:
         THE DEFENDANT SHALL: BE EVALUATED FOR SUBSTANCE ABUSE AND FOLLOW ANY
         DIRECTIONS FOR COUNSELLING, TESTING OR TREATMENT.
27       06/12/1996                                        COOCH RICHARD R.
         LETTER/ORDER SENT BY JUDGE: TO COUNSEL:
         STEVEN P. WOOD, ESQ. AND NANCY J. PERILLO, ESQ.
28       06/26/1996                                        COOCH RICHARD R.
         ORDER: NOW, TO WIT, THIS 26TH DAY OF JUNE, 1996,
         IT APPEARING TO THE COURT THAT: 1) DEFENDANT
         LLOYD DIXON WAS CONVICTED AFTER A JURY TRIAL
         OF B URGLARY FIRST DEGREE (CR.A.NO. IN94-03-1590)
         AND TWO COUNTS OF ROBBERY FIRST DEGREE (CR.A.NOS
         IN94-03-0629 AND 0628). 2) DEFENDANT WAS SENTENCED
         AS AN HABITUAL OFFENDER TO LIFE IMPRISONMENT W/OUT
         PAROLE ON THE BURGLARY FIRST DEGREE CHARGE. DEFENDANT
         WAS SLSO SENTENCED TO TWELVE YEARS ON THE ROBERRY
         FIRST DEGREE CHARGES. THE CONVICTION WERE APPEALED TO
         THE SUPREME COURT OF DELAWARE (DIXON V STATE, NO.426,1994)
         3) THE SUPREME COURT AFFIRMED THE BURGLARY FIRST CONVICTION
         AND REVERSED THE ROBBERY FIRST DEGREE CONVICTIONS BY ORDER
         DATED APRIL 4, 1996, AND REMANDED THE MATTER FOR
         PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
         4) THEREFORE, WITHOUT OBJECTION FROM THE STATE OR
         FROM DEFENDANT, THE ROBBERY FIRST DEGREE CONVICTIONS
         IN CR.A.NOS.IN94-03-0629 & 0628 ARE HEREBY VACATED
         AND DISMISSED. IT IS SO ORDERED.
29       06/27/1996                                        COOCH RICHARD R.
         LETTER FROM JUDGE TO COUNSEL:
         STEVEN P. WOOD, ESQ. AND NANCY J. PERILLO, ESQ.
30       09/13/1996
         MOTION FOR POSTCONVICTION RELIEF FILED.
         PRO SE, REFERRED TO JUDGE COOCH.
31       09/13/1996
         MEMORANDUM OF LAW.
         IN SUPPORT OF MOTION FOR POSTCONVICTION RELIEF.
32       09/23/1996
         MEMORANDUM FILED GIVING STEVEN P. WOOD NOTICE OF THE
         FILING OF A MOTION FOR POSTCONVICTION RELIEF.
33       10/03/1996                                        COOCH RICHARD R.
         LETTER/ORDER SENT BY JUDGE: TO STEVEN P. WOOD, ESQ.
         RE: DEFT'S MOTION FOR POSTCONVICTION RELIEF
36       11/13/1996
         STATE'S LETTER FILED. FROM STEVEN WOOD, DAG, STATE'S RESPONSE TO THE
         THE DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF.
34       11/18/1996
         STATE'S RESPONSE FILED.
         BY STEVEN WOOD, REFERRED TO JUDGE COOCH.
35       11/18/1996                                        COOCH RICHARD R.
         MOTION FOR POSTCONVICTION RELIEF DENIED AS MOOT.
         DENIED 11/15/1996, FILED 11/18/96, DOCKETED 11/19/96.
37       12/17/1996
         NOTICE OF APPEAL #512, 1996
38       12/17/1996
         LETTER FROM (SUPREME COURT) TO DEFT. PLEASE TAKE
         IMMEDIATE STEPS TO SERVE THE COURT REPORTER'S OFFICE
         WITH A COPY OF YOUR DIRECTIONS TO COURT REPORTER AND
         FILE PROOF OF SERVICE WITH THIS COURT NO LATER THAN
         123096. IF YOUR INTEND TO REQUEST THE SUPERIOR COURT
```