IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SALIH HALL, KENNETH M. SMITH, And LLOYD DIXON, III | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 07-392-SLR ) |
| GOVERNOR RUTH ANN MINNER, JOSEPH BEAU BIDEN, JAMES T. VAUGHN, CARL C. DANBERG, and RENATA HENRY | ) ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLANITIFFS' MOTIONS FOR INJUNCTIVE RELIEF

COMES NOW, defendant Carl C. Danberg ("Defendant"), by and through undersigned counsel and hereby oppose Plaintiffs' "Motion for Order Directing Defendants Not to Transfer Plaintiffs Out of the Judicial District Pending Proceedings" (D.I. 11) and Plaintiffs' "Motion for Temporary Relief" (D.I. 14). In support of his position, Defendant states the following:

1. On June 19, 2007, Salih Hall, Kenneth Smith, and Lloyd Dixon ("Plaintiffs"), inmates incarcerated at the Delaware Correctional Center ("DCC"), commenced this action by filing a Complaint with leave to proceed *in forma pauperis* against the above-captioned defendants. (D.I. 1-4). The Court granted the request for *in forma pauperis* status on July 2, 2007. (D.I. 7). Plaintiffs also filed a Motion for Certification of the action as a Class Action. (D.I. 5). The Court has not ruled on this motion. (D.I. 5).

2. A service order has not been issued by the Court because the *pro se* inmate

complaint has not yet been reviewed by the Court pursuant to 28 *U.S.C.* § 1915. Thus, Defendants have not been served with the Complaint. Defendant Danberg does not waive service by the filing of this motion. However, given the allegations contained in Plaintiffs' motions and in the interests of preserving their rights and arguments, Defendant files this response in opposition to Plaintiffs' motions.

3.  Plaintiffs' motion for an order directing Defendants not to transfer them, although not titled as such, is a request for the Court to enjoin the Department of Correction from transferring Plaintiffs out of the state. Plaintiffs request an order "directing defendants to refrain from any transfer of the plaintiffs during the course of these proceedings without first seeking approval of the Court." (D.I. 11, at par. 3). Thus, Defendant treats it as a motion for injunctive relief.

4.  Plaintiffs' second motion is titled as a "Motion for a Temporary Relief", but it is not clear what the Plaintiffs are requesting relief from. Plaintiffs argue for "a treatment opportunity following each of their prior convictions before they may be declared incorrigible under the state statute." (D.I. 14, at par. 7). However, Plaintiffs have already been sentenced under Delaware's habitual offender statute so the relief they request is not from the threat of irreparable harm, but a harm they believe they have already suffered. Thus, the motion appears to be an argument on the merits of their Complaint.

5.  Plaintiffs provide no factual basis for their claims, nor do they provide any case law in support of their injunctive requests or any legal basis on which the Court can rely in granting the requests. As to the second motion, Plaintiffs appear to reargue much of what appears in their Complaint, but they never establish what alleged harm they are

about to suffer or what they are requesting from the Court. As to the first motion, well established case law holds that the Plaintiffs do not have a liberty interest in confinement at a particular prison or in a particular state. In both motions, Plaintiffs have failed to meet their burden for injunctive relief.

6. To succeed on their motions for a temporary restraining order or preliminary injunction, the plaintiffs must demonstrate that (1) they are likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and, (4) granting the injunction is in the public interest. *Maldonado v. Houstoun,* 157 F.3d 179, 184 (3d Cir.1997). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys Inc. v. Heisley,* 753 F.2d 1244, 1264 (3d Cir.1985).

7. Plaintiffs have not demonstrated a likelihood of success on the merits of their claim. Plaintiffs do not appear to have a viable constitutional claim. While Plaintiffs allege their action is brought pursuant to the Americans with Disabilities Act ("ADA"), the relief requested is a declaration that their Eighth Amendment rights have been violated. Such an action against state defendants must be brought pursuant to 42 *U.S.C.* § 1983 and Plaintiffs have not alleged sufficient personal involvement by any of the defendants to state a § 1983 claim. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Regardless, a prisoner is barred from bringing an action under any federal law, including § 1983 and the ADA, "until such administrative remedies as are available have been exhausted." 42 U.S.C. § 1997e(a). Plaintiffs have not alleged or established that they have exhausted their administrative remedies as required by § 1997e(a).

8.  Further, Plaintiffs' Complaint, after reading through all of the verbiage, is a challenge to their convictions under Delaware's habitual offender statute. 11 *Del. C.* § 4214. Thus, Plaintiffs are required to exhaust their state court remedies before bringing their challenge in federal court. *McCleaf v. Carroll*, 416 F.Supp.2d 283, 287 (D.Del. 2006). Plaintiffs have not alleged or demonstrated that they have followed through with such exhaustion. Moreover, the habitual offender statute has been upheld as constitutional. S*ee Williams v. State*, 539 A.2d 164, 180 (1988)(upholding 11 *Del. C.* § 4214 as constitutional).

9.  Plaintiffs also have not established that denial of the requested relief will result in irreparable harm or that granting the relief will serve the public interest. "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights," *Continental Group, Inc. v. Amoco Chems. Corp.,* 614 F.2d 351, 359 (3d Cir.1980) (quoting *Holiday Inns of Am., Inc. v. B & B Corp.,* 409 F.2d 614, 618 (3d Cir.1969)). The availability of injunctive relief depends on whether there is a live dispute between the parties. *Donovan ex rel. Donovan v. Punxsutawney Area School Bd.,*336 F.3d 211, 216 (3d Cir.2003).

10. In their first motion, Plaintiffs make the bald unsupported assertions that Defendants have a history of retaliatory transfers. (D.I. 11). Plaintiffs, however, do not even allege that they are scheduled to be transferred. Their argument is entirely presumptuous and assumes facts that are not in existence. Plaintiffs cannot meet their burden of showing irreparable harm by alleging some imagined future injury. *See Berman v. Lamer*, 874 F.Supp. 102, 105 (E.D.Pa. 1995)("Plaintiff's request for this court to intervene in Bureau of Prisons administration by blocking an unscheduled transfer that

plaintiff speculates will occur . . . is premature.")

11.     Even assuming *arguendo* that Plaintiffs could meet their burden for injunctive relief, the relief that Plaintiffs request is not available to them.  "The Constitution does not prevent state authorities from transferring inmates from prisons in their state to prisons in another state." *Dozier v. Hilton*, 507 F.Supp. 1299, 1307 (D.N.J. 1981).  Such a transfer may be carried out without a hearing or consent of the inmate, and regardless of the distance put between the inmate and his family and friends.  *Id.*  (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Montayne v. Haymes*, 427 U.S. 236 (1976)).  A prisoner does not have a liberty interest in remaining at a particular prison or in a particular state. *Olim v. Wakinekona*, 461 U.S. 238, 245; *Ali v. Gibson*, 631 F.2d 1126, 1135 (3d Cir. 1980), *cert denied*, 444 U.S. 849 (1979))(citing *Meachum*, 427 U.S. 215; *Montanyne,* 427 U.S. 236)).  "If the prisoner can be lawfully held in the facility to which he has been transferred, he cannot object to that transfer, even if the transfer results in his being placed in a more restrictive or less accessible facility." *Ali*, 631 F.2d at 1135. An inmate has no justifiable expectation that he will be incarcerated in a particular prison within a state or in any particular state. *Olim*, 461 at 246.

12.     The Supreme Court has made it clear that Plaintiffs do not have a liberty interest in being incarcerated at any particular prison, or in any particular state and Plaintiffs do not create such a liberty interest by filing suit against state officials. Plaintiffs are asking the Court to interfere with the DOC's day-to-day administration and broad discretion in dealing with prison administration. *Meachum*, 427 U.S. at 228-29; *McKune v. Lile*, 536 U.S. 24, 39 (2002)("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.")  Plaintiffs have no legal

basis for the relief they request and Defendant respectfully request that the Motion be denied.

13.     As to Plaintiffs second motion for injunctive relief (D.I. 14), it is tiled as a motion for temporary relief, but as previously discussed, it is not clear what the Plaintiffs are requesting relief from.  Plaintiffs argue that they were entitled to treatment prior to being declared habitual offenders (D.I. 11, at par. 5, 7), but in their Complaint they admit and acknowledge that Delaware has established several treatment programs.  (Complaint, at par. 23).  Further, Exhibit "B" attached to the Complaint clearly indicates that Plaintiff Hall has participated in treatment programs for his chemical dependency while he was incarcerated in Delaware, and he subsequently enjoyed seven years of sobriety. (Complaint, at Exhibit "B", p. 10-11).  It is difficult for Defendant to argue in opposition to the motion when it is not clear what the motion requests, but it is at least clear that Plaintiffs have not established the necessary elements for injunctive relief and have not met their burden to succeed on their temporary restraining order.

WHEREFORE, Defendant respectfully requests that this Honorable Court deny Plaintiffs' *Motion for Order Directing Defendants Not to Transfer Plaintiffs out of the Judicial District Pending Proceedings* and Plaintiffs' *Motion for Temporary Relief.*

                **STATE OF DELAWARE**
                **DEPARTMENT OF JUSTICE**

                /s/ Stacey Xarhoulakos
                Stacey Xarhoulakos, 4667
                Deputy Attorney General
                820 North French Street, 6th Floor
                Wilmington, DE 19801
                (302) 577-8400
                stacey.xarhoulakos@state.de.us

Dated: October 1, 2007

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SALIH HALL, KENNETH M. SMITH, And LLOYD DIXON, III | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 07-392-SLR ) |
| GOVERNOR RUTH ANN MINNER, JOSEPH BEAU BIDEN, JAMES T. VAUGHN, CARL C. DANBERG, and RENATA HENRY | ) ) ) ) ) |
| Defendants. | ) ) |

## **ORDER**

Upon the Plaintiffs' *Motion for Order Directing Defendants Not to Transfer Plaintiffs out of the Judicial District Pending Proceedings* (D.I. 11) and Plaintiffs' *Motion for Temporary Relief* (D.I. 14) and Defendant Danberg's Response in Opposition to the Motions; and it appearing that good and sufficient notice of Plaintiffs' Motions and Defendant's Opposition has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion for Order Directing Defendants Not to Transfer Plaintiffs out of the Judicial District Pending Proceedings* and Plaintiffs' *Motion for Temporary Relief* are **DENIED**.

SO ORDERED this _____ day of _____, 2007.

_____
The Honorable Sue L. Robinson
United States District Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2007, I electronically filed with the Clerk of Court using CM/ECF *Defendant's Response in Opposition to Plaintiffs' Motions for Injunctive Relief.* I hereby certify that on October 1, 2007, I have mailed by United States Postal Service, the document to Salih Hall, Kenneth Smith, and Lloyd Dixon.

/s/ Stacey Xarhoulakos____
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us