IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Salih Hall, Kenneth Smith<br>And Lloyd Dixon III,<br>    Plaintiffs,<br><br>Vs.<br><br>Governor Ruth Ann<br>Minner, et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>) C.A. No. 07-CV-00392<br>)<br>)<br>)<br>) |

FILED OCT 18 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE

**PLAINTIFFS REPLY TO DEFENDANTS OPPOSTION TO MOTION FOR INJUNCTIVE RELIEF**

PD scanned

Now Comes Plaintiffs in reply to defendants response in opposition to their "Motion for order directing defendants not to transfer plaintiffs out of the Judicial District pending proceedings," and "Motion for Temporary Relief." Plaintiffs submit the following in reply to defendants' response:

1. The first issue is whether plaintiffs have standing to move the court by way of motion for temporary relief to enjoin the defendants from retaliating against them by transferring them out of this court's jurisdiction in an attempt to undermine this litigation. Plaintiffs clearly have a right to access to the court and prison officials may not retaliate against them. This prohibition forecloses both job denials and transfers. See DeTomaso v. MCGinnis, 970 F.2d 211, 214 (7th Cir. 1992), Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

2. If Plaintiffs were provided an evidentiary hearing they could produce several witnesses that would testify that they were transferred out of State as retaliation to their filings in the courts establishing a practice by the department of corrections in the state of Delaware. Thus, Plaintiffs request for an order requiring the

defendants to obtain court approval before any transfer in their case would be a reasonable response and less restrictive method to assure that this practice does not undermine plaintiffs efforts

3. The second issue to which plaintiffs reply is whether they are entitled to preliminary injunctive relief in the denial of treatment for a known brain disease, seeing that such denial of treatment is alleged to be based a systemic racial discrimination, and discrimination against their particular disease on the basis of antiquated standards existing prior to new information about the disease.

4. First, the Americans with Disabilities Act forbids all discrimination against persons with disabilities by a public entity regardless of context.  See Innovative Health Systems v. City of White Plains, 117 F. 3d at 45, and Bay Area Addiction Research and Treatment, Inc. v. City of Antioch, 179 F.3d 725, at 730 (9th Cir. 1999).  Thus, the distinction made by defendants which attempts to place this action in the context of belonging under the preview of habeas corpus or 42 USCA, Section 1983 is insignificant.

5. The issue raised in the motion for preliminary relief in this matter is well within the context of the Americans with Disabilities Act, and involve the question of whether, in light of modern knowledge of chemical dependency, they have been subjected to deliberate indifference to treatment for a known brain disease, either on the basis of discrimination against the disease of chemical dependency itself, or on the basis of a system of racial disparity in the providing of state afforded treatment opportunities.  The issue central to this claim is whether or not the over 30 years of research in chemical dependency as a disease, and the ample findings

which have resulted in chemical dependency now being a classified brain disease, entitles the plaintiffs to treatment for the disease when it is known that their criminal offenses were the direct and proximate cause of their addiction. Also, within this context the plaintiffs raise the question of whether they can be declared incorrigible under habitual offender statutes when their records demonstrate clearly that the criminal history is the result of untreated disease under the constitutional concept of deliberate indifference within the framework of the Americans with Disabilities Act.

6. Plaintiffs submit that their addiction is a disability under the Americans with Disabilities Act. See Start, Inc. V. Baltimore County Md., D. Md. 2003, 295 F. Supp 2d 569, and that the only available treatment to them was state provided through the court system as a criminal justice response to their offenses. They herein argue to eliminate long term addicts from eligibility for treatment based on past conviction stemming from untreated disease is itself discrimination in violation of 42 USCA, Section 12132. This is so even without considering the statistical evidence of racial disparity in the providing of such treatment upon an unjustifiable standard such as race, religion or other arbitrary classification. See Oyler v. Boles, 82 S.Ct. 501 (1962). Plaintiffs have presented a claim that under either scenario that they have been subjected to deliberate indifference to the treatment needs of a know brain disease and disabilities which is precisely the purpose of the Americans with Disabilities Act.

**WHEREFORE**, Plaintiffs seek an evidentiary hearing so that records can be subpoenaed, witnesses called, and a factual record established for the court to make a decision on an issue of great importance to the 21st century.

Dated: 10/15/07

_____
Salih Hall

_____
Kenneth Smith

_____
Lloyd Dixon III

**All Plaintiffs**
**Delaware Correctional Center**
**1181 Paddock Road**
**Smyrna, Delaware 19977**

## Certificate of Service

I, Salih Hall, hereby certify that I have served a true and correct copy of the attached Plaintiffs Reply to Defendants Opposition to Motion for Injunctive Relief, upon the following party:

Stacey Xarhoulakos
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, De 19801

By placing the same in the institutional mail at the Delaware Correctional Center addressed as above this 15th day of October, 2007.

Salih Hall
Delaware Correctional Center
1181 Paddock Road
Smyrna, De 19977

Case 1:07-cv-00392-SLR   Document 26   Filed 10/18/2007   Page 5 of 6

